UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

ERIC LEWIS,

    Plaintiff,

v.

Federal Judge RICHARD G. KOPF,
Omaha Police Officer CHAD KAVARS,
Omaha Police Officer RICHARD GRIXBY,
UNIVERSITY MEDICAL CENTER
DIRECTOR, GLENN A. FOSDICK,
FACHE, HARLAN J. NOODLE, Dr. JAMES
CANEDY, Dr. HAROLD MAURER, Dr.
BYERS SHAW JR., JAN THAYER, Dr.
MARLIN STAHL, MOGEN C. BAY, RITA
VAN FLEET, Dr. GAIL WALLING YANNEY,
and DUANE W. ACKLIE,

    Defendants.

Civil No. 09-2404 (DWF/JJG)

**REPORT AND RECOMMENDATION**

Plaintiff, a Nebraska state prison inmate, commenced this action by filing a self-styled pleading entitled "1983 42 U.S.C. Civil-Rights Complaint." (Doc. No. 1.) The matter has been referred to this Court for initial screening pursuant to 28 U.S.C. § 1915A, and for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1.[1] For the reasons discussed below, the Court finds that Plaintiff has failed to state a claim on which relief can be granted, and that this action should

---

[1] Plaintiff did not tender the $350 statutory filing fee with his complaint, but instead applied for leave to proceed in forma pauperis, ("IFP"). (Docket No. 2.) Plaintiff's IFP application indicates that he may be unable to pay the initial partial filing fee that prisoners are required to remit pursuant to 28 U.S.C. § 1915(b)(1). Based on the information in the IFP application, the Court finds, at least for now, that Petitioner has "no assets and no means by which to pay the initial partial filing fee," (28 U.S.C. § 1915(b)(4)), and that this matter should proceed directly to the initial screening process prescribed by § 1915A.

therefore be dismissed pursuant to § 1915A(b)(1).

## I. BACKGROUND

The "Statement of Cliams [sic]" section of Plaintiff's Complaint, repeated verbatim and in its entirety, is as follows:

> "I were illegal tooking [sic] over to Clarkson/Nebraska Medical Center and connected to a catscan MRI/Nano-Technology and I would like to have it removed back up off me....  That Federal Judge Richard Kopf, had it connected to me...."

(Complaint, p. 4.)

Plaintiff is seeking $350,000.00 in damages to compensate him for "being framed up to a cat-scan wirer [sic] to my neurology system and then frame to a murder & rape & robbery."  (Id., p. 5.)  The complaint also states: "I want the courts to grant me and order to get the catscan grammar knife up off my neurology system.  And compensate me for the damage each year they had me illegally connected to they [sic] grammar knife technology."  (Id.)  The complaint provides no other information about the factual and legal bases for Plaintiff's claims, or the relief he is seeking.

## II. DISCUSSION

Because Plaintiff is a prisoner who is (apparently) attempting to sue various governmental employees,[2] his pleading is subject to initial "screening" pursuant to 28 U.S.C. § 1915A.  That statute, which is part of the Prison Litigation Reform Act of 1995, ("the PLRA"), requires federal courts to screen the pleadings in every civil action brought by a prisoner against governmental employees or entities "before docketing, if

---

[2] One of the Defendants listed in the caption of the complaint is identified as a federal judge, and two other Defendants are identified as police officers.

2

feasible or, in any event, as soon as practicable after docketing." 28 U.S.C. § 1915A(a). The Court must determine which aspects of the pleading are actionable and should be allowed to proceed. If the complaint fails to state an actionable claim, it must be summarily dismissed. 28 U.S.C. § 1915A(b)(1).

To state a cause of action on which relief can be granted, a complaint must allege a set of historical facts which, if proven true, would entitle the plaintiff to some legal redress against the named defendants, based on some settled legal principle or doctrine. While federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law." Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980) (emphasis added). See also, Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985) ("[a]lthough it is to be liberally construed, a pro se complaint must contain specific facts supporting its conclusions"); Stone v. Harry, 364 F.3d 912, 915 (8th Cir. 2004) (federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint").

To state a civil rights claim, as Plaintiff apparently is attempting to do here, a complaint must allege facts showing that each named defendant was personally involved in some alleged violation of the claimant's federal constitutional rights. Ellis v. Norris, 179 F.3d 1078, 1079 (8th Cir. 1999). See also Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990) (liability in a civil rights action "requires a causal link to, and direct responsibility for, the deprivation of rights" protected by the Constitution); Speed v. Ramsey County, 954 F.Supp. 1392, 1397 (D.Minn. 1997) (Tunheim, J.) (same). In other words, the complaint must describe what each individual defendant allegedly did,

3

or failed to do, that purportedly violated the claimant's constitutional rights.

Plaintiff's present complaint fails to state an actionable civil rights claim against any named Defendant, (or anyone else), because it does not include any factual allegations describing anything that any Defendant purportedly did, or failed to do, that could be viewed as a violation of Plaintiff's constitutional rights. Indeed, no Defendant is even mentioned anywhere in any of the meager substantive allegations of the complaint, with the exception of Federal Judge Richard Kopf. Although the complaint does allude to Judge Kopf, it does not describe any specific acts or omissions by the Judge that could cause him to be liable to Plaintiff under any legal theory.[3] And again, the complaint clearly fails to describe any specific acts or omissions by any of the other named Defendants.

Thus, the Court concludes that Plaintiff has failed to plead a cause of action on which relief can be granted, and, accordingly, this action must be summarily dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

It follows that Plaintiff's application for leave to proceed in forma pauperis, (see n. 1, supra), must also be denied. See 28 U.S.C. § 1915(e)(2)(B)(ii). Under the PLRA, prisoners may be excused from pre-paying the full amount of the applicable filing fee upon the filing of an action. However, 28 U.S.C. § 1915(b) clearly states that prisoners

---

[3] Furthermore, it is well settled that judges are completely immune from civil lawsuits based on claims of misconduct during the performance of their judicial functions. Pierson v. Ray, 386 U.S. 547, 553-54 (1967); Stump v. Sparkman, 435 U.S. 349, 355-57 (1978); Mireles v. Waco, 502 U.S. 9, 11 (1991); Liles v. Reagan, 804 F.2d 493, 495 (8th Cir. 1986). Therefore, if Plaintiff is attempting to sue Judge Kopf for some act or omission that occurred while he was acting in a judicial capacity, then the Judge would be immune from suit under the doctrine of judicial immunity.

4

"shall be required to pay the full amount of the filing fee." In other words, prisoners are permitted to file actions without paying the full filing fee in advance, but they still remain liable for the fee. Ashley v. Dilworth, 147 F.3d 715, 716 (8th Cir. 1998) ("[t]he purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time"). Nothing in the PLRA suggests that the dismissal of a prisoner's action would extinguish the ultimate obligation to pay the filing fee. See In re Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997) ("the PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal").

In this case, Petitioner's claims are completely without merit and border on rambling. However, giving the Petitioner the benefit of the doubt this *one* time, the Court will not order the filing fee be deducted from his prison account. However, the petitioner is now so warned; any other present and all future filings by Plaintiff will require the Plaintiff to pay the full filing fee and prison officials will be directed to deduct such amount from his prison account.

Dismissal of this action should count as a "strike" against Plaintiff for purposes of 28 U.S.C. § 1915(g).

### III. RECOMMENDATION

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

1. Plaintiff's "Application to Proceed Without Prepayment of Fees," (Doc. No. 2), be **GRANTED** as to this pleading only;

2. This action be **SUMMARILY DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1);

3. For purposes of 28 U.S.C. § 1915(g), this action be dismissed "on the grounds that it is frivolous, malicious, or fails to state a claim on which relief may be granted."

Dated: September 28, 2009         s/ *Jeanne J. Graham*
    JEANNE J. GRAHAM
    United States Magistrate Judge

**NOTICE**

Pursuant to D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by **October 13, 2009**. A party may respond to the objections within ten days after service thereof. Any objections or responses filed under this rule shall not exceed 3,500 words. A District Judge shall make a de novo determination of those portions to which objection is made. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the United States Court of Appeals for the Eighth Circuit.